NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3724-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JUQUAN WALKER, a/k/a JAQUAN WALKER,

 Defendant-Appellant.
__________________________________________________

 Submitted May 31, 2017 – Decided July 21, 2017

 Before Judges Messano and Grall.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 Nos. 10-10-2488 and 10-10-2491.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Carolyn V. Bostic, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Stephen
 A. Pogany, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 Defendant Juquan Walker appeals the denial of his petition

for post-conviction relief (PCR) without an evidentiary hearing.
Tried before a jury, defendant was found guilty of drug offenses,

as well as unlawful possession of a firearm, N.J.S.A. 2C:39-5(b),

and possession of a firearm while in the course of committing

certain drug offenses, N.J.S.A. 2C:39-4.1. In a second trial, the

same jury found defendant guilty of possession of a firearm by a

previously convicted person, N.J.S.A. 2C:39-7(b), the sole charge

contained in a second indictment.1

 We briefly summarize the evidence adduced at trial.

 Officers Patrick Carroll and John Berardi of
 the Port Authority Police Department were
 working in the camera room at Newark Penn
 Station on August 25, 2010. At approximately
 8:50 p.m., they observed defendant and two
 other individuals jump over the turnstiles
 which separate the Port Authority Trans-Hudson
 (PATH) and New Jersey Transit (NJT) sides of
 the train platform. Berardi noted that
 defendant was carrying a backpack. After
 seeing defendant and his companions enter a
 PATH train, the officers left the camera room
 and approached the three men to issue
 summonses for failure to pay the fare.

 Defendant claimed to be seventeen years
 old, but, when Carroll told defendant that,
 based on the birthdate defendant supplied, he
 was eighteen, defendant pushed Carroll and
 fled. The officers gave chase through the
 turnstiles and onto the NJT platform. As
 defendant ran, he threw the backpack onto the
 empty NJT tracks.

1
 Prior to sentencing, defendant pled guilty to second-degree
burglary, N.J.S.A. 2C:18-2, a charge contained in a third
indictment.

 2 A-3724-15T3
 Carroll pursued defendant until he ran
 into a closed set of doors, whereupon the two
 collided. Defendant resisted Carroll's
 efforts to place him under arrest. Berardi
 joined the fray, and defendant was eventually
 subdued. Carroll walked onto the tracks and
 retrieved the bag that defendant had thrown.
 Inside was some cash, toothbrushes, clothing,
 a hand gun, twenty-four bags of marijuana, ten
 packets of cocaine and three separate vials
 of cocaine. Defendant's companions were never
 located.

 Defendant was transported to the hospital
 by emergency medical personnel. He was treated
 for a laceration above his left eye and a
 contusion. Defendant did not testify and no
 defense witnesses were called.

 [State v. Walker, No. A-5625-11 (App. Div.
 Aug. 19, 2014) (slip op. at 4-5).]2

We affirmed defendant's convictions on direct appeal. Id. at 21.

The Supreme Court denied his petition for certification. 220 N.J.

574 (2015).

 Defendant filed a timely pro se PCR petition that he

supplemented after appointment of PCR counsel. Defendant

certified he was "innocent" of the weapons offenses, he advised

trial counsel the weapon was not in the backpack and the officers

2
 Although citing an unpublished opinion is generally forbidden,
we do so here to provide a full understanding of the issues
presented and pursuant to the exception in Rule 1:36-3 that permits
citation "to the extent required by res judicata, collateral
estoppel, the single controversy doctrine or any other similar
principle of law." Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J.
Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015).

 3 A-3724-15T3
"must have picked up the rusty handgun from the train tracks."

Defendant claimed he wanted to testify as to these facts, but

trial counsel told him not to do so, given defendant's record of

prior convictions. According to defendant, trial counsel assured

he would raise the "issue of the handgun not being in the back

pack" before the jury, but failed to do so.

 Trial counsel filed a certification stating he could not

recall if defendant raised any issue "regarding the rusty handgun

not being inside of the backpack," or whether he had discussions

with defendant about that. Trial counsel also could not recall

if defendant "desired to testify regarding this issue."

 At oral argument, PCR counsel briefly reiterated defendant's

claim that trial counsel provided ineffective assistance (IAC) by

failing to argue the gun was on the tracks, not in defendant's

backpack. Judge Michael L. Ravin, who was not the trial judge,

reserved decision and subsequently issued a comprehensive written

decision that accompanied his January 29, 2016 order denying

defendant's petition.

 The judge extensively reviewed the trial testimony, as well

a defense counsel's summation, in which he twice questioned the

officers' account of recovering the gun from the backpack. Judge

Ravin noted testimony regarding the rusty condition of the gun,

and concluded the jury was capable of inferring that the gun was

 4 A-3724-15T3
not in the pack, as implied by defense counsel. The judge

concluded defendant failed to establish trial counsel's

performance was deficient.

 Judge Ravin also concluded defendant failed to demonstrate

trial counsel "interfered with [defendant's] right to testify."

He noted the transcript revealed defendant "was informed of his

options and strategically chose not to testify . . . in order to

prevent his criminal record from coming into evidence before the

jury."

 Additionally, the judge determined that even if trial

counsel's "failure to raise the rusty handgun issue constituted

deficient performance," defendant failed to demonstrate any

prejudice resulted. Judge Ravin noted the jury viewed "video

evidence" showing defendant with the backpack and heard testimony

that the officers found the gun in that backpack.

 Lastly, the judge concluded defendant was not entitled to an

evidentiary hearing because he failed to establish a prima facie

IAC claim. Judge Ravin summarized his findings and conclusions

as follows:

 The record of the proceedings shows that
 [defendant's] counsel did raise the
 possibility that the handgun was not found in
 [defendant's] backpack and suggested that the
 officers testified falsely. The jury was also
 informed about the rustiness of the gun
 through the State's ballistic experts and was

 5 A-3724-15T3
 free to draw reasonable inferences therefrom.
 While not delving into the details of rust
 formation, [trial counsel's] performance,
 given the facts of this case, was well within
 the range of competence expected of reasonable
 defense counsel. . . . Additionally, [trial
 counsel] and the court took sufficient steps
 to ensure that [defendant] based his decision
 not to testify on an informed, free choice.
 Finally, the certification of [trial counsel]
 shows that he does not recall conversations
 with [defendant] regarding the rusty handgun
 issue.

 Defendant urges us to reverse Judge Ravin's order and remand

the matter for an evidentiary hearing on his IAC claim. He

contends trial counsel's failure to raise "the defense that the

police actually found the rusty gun on the train track" as promised

was not "sound legal strategy" but, rather, ineffective

assistance, upon which defendant "detrimentally relied upon" in

waiving his right to testify. We affirm substantially for the

reasons expressed by Judge Ravin. We only add these comments.

 To establish an IAC claim, a defendant must satisfy the two-

prong test formulated in Strickland v. Washington, 466 U.S. 668,

687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and

adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58

(1987). He must first demonstrate "counsel made errors so serious

that counsel was not functioning as the 'counsel' guaranteed

. . . by the Sixth Amendment." Fritz, supra, 105 N.J. at 52

 6 A-3724-15T3
(quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064,

80 L. Ed. 2d at 693).

 To satisfy prong one, [a defendant] ha[s] to
 overcome a strong presumption that counsel
 exercised reasonable professional judgment
 and sound trial strategy in fulfilling his
 responsibilities. [I]f counsel makes a
 thorough investigation of the law and facts
 and considers all likely options, counsel's
 trial strategy is virtually unchallengeable.
 Mere dissatisfaction with a counsel's exercise
 of judgment is insufficient to warrant
 overturning a conviction.

 [State v. Nash, 212 N.J. 518, 542 (2013)
 (citations and internal quotation marks
 omitted) (third alteration in original).]

We apply a "highly deferential standard, which requires us to

avoid viewing counsel's performance through the 'distorting

effects of hindsight.'" State v. Hess, 207 N.J. 123, 147 (2011)

(quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065,

80 L. Ed. 2d at 694).

 Second, a defendant must show by a "reasonable probability"

that the deficient performance affected the outcome. Fritz, supra,

105 N.J. at 52. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." State v.

Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, supra, 466

U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; Fritz, supra,

105 N.J. at 52). "If [a] defendant establishes one prong of the

 7 A-3724-15T3
Strickland-Fritz standard, but not the other, his claim will be

unsuccessful." State v. Parker, 212 N.J. 269, 280 (2012).

 A defendant is entitled to an evidentiary hearing "only upon

the establishment of a prima facie case in support of post-

conviction relief," i.e., he must "demonstrate a reasonable

likelihood that his or her claim, viewing the facts alleged in the

light most favorable to the defendant, will ultimately succeed on

the merits." R. 3:22-10(b). "In order for a claim of ineffective

assistance of counsel to entitle a PCR petitioner to an evidentiary

hearing, bald assertions are not enough — rather, the defendant

must allege facts sufficient to demonstrate counsel's alleged

substandard performance." State v. Jones, 219 N.J. 298, 311-12

(2014) (internal quotation marks omitted). "[W]e review under the

abuse of discretion standard the PCR court's determination to

proceed without an evidentiary hearing." State v. Brewster, 429

N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall,

148 N.J. 89, 157-58, cert. denied, 522 U.S. 850, 118 S. Ct. 140,

139 L. Ed. 2d 88 (1997)).

 Here, trial counsel's summation focused extensively on the

lack of any video corroborating much of the officers' testimony,

including the seizure of defendant's backpack, law enforcement's

allegedly shoddy handling of the handgun after it was seized, and

its rusty condition. He repeatedly suggested the jury should

 8 A-3724-15T3
question "where [the police] even got the weapon from." In short,

counsel effectively sought to raise a reasonable doubt that

defendant possessed the gun or that it was seized from his

backpack. There was nothing deficient about trial counsel's

performance.

 Defendant's suggestion that he elected not to testify because

he expected counsel to raise the issue lacks any merit. The record

reveals defendant knowingly, willingly and voluntarily waived his

right to testify after the State rested and immediately before

summations.

 Affirmed.

 9 A-3724-15T3